UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID DARIEL ANDERSON,          )
                                )
    Plaintiff,                  )
                                )
v.                              )          CASE NO. 2:11-cv-355-TFM
                                )          [wo]
HUNTE DELIVERY SYSTEM, INC., et al.,    )
                                )
    Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Now pending before this Court is Plaintiff's motion to exclude the testimony of Defendant's expert witness, John Lechty, P.E., on the grounds that the expert was not disclosed prior to the deadline set in the scheduling order.

## I.   RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff David Anderson ("Plaintiff" or "Anderson"),  as Administrator and Personal Representative of the Decedent, initiated this action after a traffic accident between Sarah Anderson ("Decedent"), and Defendants Aaron Lewis ("Lewis"), Hunt Delivery System, Inc., Hunte Kennel Systems and Animal Care, Inc., ("Hunte") (collectively "Defendants").  *See* Doc. 27 at 4.  Decedent was initially involved in a one-vehicle accident that occurred at night while under heavy rain.  *See* Doc. 30 at 6. Decedent, the driver, lost control of the vehicle after it began to hydroplane and the vehicle rolled at least once, but perhaps multiple times before coming to a stop upside

down with the rear of the vehicle protruding into the left lane of traffic. *Id.* The vehicle

was immobile and unlit. *Id.* at 6-7. Later, a second accident occurred when Lewis, the

driver of a commercial vehicle owned and operated by Hunte, struck Decedent's vehicle.

*See* Doc. 27 at 4. The cause and time of Decedent's death is currently the primary dispute

in the present action. *See* Doc. 27 & 30. Plaintiff brings multiple claims based on

negligence and wantonness, resulting from the second collision involving the Decedents'

immobile vehicle and the Defendants' commercial vehicle. *See* Doc. 27 at 3, 6, 8-10, 12.

On June 16, 2011, this Court entered a Uniform Scheduling Order pursuant to Rule

16 of the Federal Rules of Civil Procedure. (Doc. 11, filed on July 16, 2011). According to

the Uniform Scheduling Order, Defendants were to make the following disclosure by January

2, 2012:

> disclose [. . .] the identity of ANY person who may be used at trial to present
> evidence under Rules 701, 702, 703, or 705, and provide the reports of
> retained experts or witnesses whose duties as an employee of the party
> regularly involve giving expert testimony, required by Rule 26(a)(2) of the
> Federal Rules of Civil Procedure.

*Id.* at 3. The Defendants were also required to "comply fully with all requirements of

Rule 26(a)(2) in regard to disclosure of expert testimony." *Id.* Section 12 of the Uniform

Scheduling Order adopted the discovery plan that was set forth in the Report of Parties'

Planning Meeting, filed on May 19, 2011, "[e]xcept to the extent of any conflict with

deadlines" set out in the Uniform Scheduling Order. *Id.* at 4.

On January 2, 2012, the date of the deadline for expert witness disclosure under

the Uniform Scheduling Order, Defendants still had not designated or named any experts, nor had Defendants requested an extension of the deadline.  On January 5, 2012, three days after the deadline, Defendants named John Liechty, P.E. ("Liechty") as an expert witness for trial.  *See* Doc. 47-3 at 3-4.  On January 6, 2012, Plaintiff filed a Motion to Exclude Defendants' Expert Testimony due to untimeliness.  *See* Doc. 47.

## II.   STANDARD OF REVIEW

"When an act may or must be done within a specified time, the court may, for good cause, extend time [. . .] on motion made afer the time has expired if the party failed to act because of excusable neglect."  FED. R. CIV. P. 6(b).  Excusable neglect is "generally an 'equitable inquiry' based upon the particular circumstances of the case."  *E.C. ex rel. Crocker v. Child Dev. Schs., Inc.*, 2011 WL 4501560, *1 (M.D. Ala. 2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389, 113 S.Ct. 1489, 1495 (1993)).  There are four factors that are used in making the determination regarding whether the late filing can be considered excusable neglect: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498.

## III.   ANALYSIS

The Eleventh Circuit has found that "[b]ecause the expert discovery rules are

designed to allow both sides to prepare their case adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008).  Here, it is undisputed that Liechty was not disclosed as an expert witness who may offer testimony at trial by the January 2, 2012 deadline set by the Uniform Scheduling Order.  The deadline for expert disclosure was set based upon the date requested by the counsel for both parties, and neither side asked the Court to extend the deadline.

This Court consistently looks to four factors pertinent to determining the admissibility of expert witnesses filed past the deadlines to disclose.  The factors are: "the danger of prejudice to the [opposing party], the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  *Pioneer Inv. Servs. Co. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993).  While no single factor is dispositive, after viewing all the evidence presented and listening to counsel for the parties, the Court is persuaded that the motion to exclude is due to be DENIED.

"To establish prejudice, the delay from the pleadings must 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion.'"  *Crocker*, 2011 WL 4501560 at *5 (citing 10 C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure*, § 2699 at 536-37 (2d ed. 1983)).

Defendants have not proffered any other expert witnesses to be able to present evidence at trial. The Court recognizes that this case will necessitate expert analysis as there is a genuine issue of material facts surrounding the accidents. To grant the underlying motion would leave the Defense bereft of any expert in a matter where expert testimony will likely assist the fact finder. To Allow the Defense case to proceed without expert testimony would create undue and unnecessary prejudice to the Defense.

The length of delay was only three days and the Court recognizes the delay was brief. The lack of prejudice due to a brief delay, however, is not sufficient to excuse the Defendant's failure to comply with the deadlines in this case. The Court has consulted other rulings by this Court and notes that there are wide variations in the periods of delay in those cases and notes that the length of delay is not a dispositive factor. *See Glenn Construction Co. v. Bell Aerospace Services*, 2011 WL 2118750 (M.D. Ala.) (involving an eight month delay); *Ballard v. Krystal Restaurant*, 2005 WL 2653972 (M.D. Ala.) (Involving a two and a half month delay); *White v. Volvo Trucks of North America*, 211 F.R.D. 668 (M.D. Ala. 2002) (involving a seven week delay). The Court follows a "long-standing and consistent practice of this court to enter deadlines for disclosure of witnesses after obtaining proposals from counsel for the parties, and to then enforce those deadlines." *White*, 211 F.R.D. at 669; *see also Reese*, 527 F.3d at 1266.

Counsel for the Defendant stated that the filings were in fact late, that he had looked to see if the filing dates were affected by the recent holidays, that he had been out

Page 5 of  7

of the office due to the holidays, that the delay was harmless, that the Defense would concede to any extension requested by the Plaintiff in the future and, most notably to the Court, that Defendants' counsel was "not a deadlines kind of guy." "The importance of observing deadlines contained in scheduling orders is recognized in Rule 16(b), where it is provided that '[a] schedule shall not be modified except upon a showing of good cause and by leave of the [] judge....'" *White*, 211 F.R.D. at 669 (quoting FED. R. CIV. P. 6(b)). The Eleventh Circuit Court of Appeals considered this issue and stated that "[t]his good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id*. at 670. (quoting *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998)). Where a party fails to abide by the deadlines for disclosure in a scheduling order, merely demonstrating a lack of prejudice to the opposing party is insufficient to justify late disclosures. *Id.*

By allowing use of expert witnesses filed after deadlines set in the scheduling orders causes "the integrity of scheduling orders in all cases before the court, and not just in this case, [to be] implicated." *Id*. However, the Court finds that it is also consistent with previous cases wherein a delay is not considered excessive to allow the witness proffered to be allowed. *Id*. While counsel for the Defendants should take greater care in the submission of experts, as well as complying with all court ordered deadlines, an admonishment by the Court seems sufficient to cure any grievances that may have arisen due to such a short delay.

The Court finds no indication that Plaintiff filed the motion to strike in anything other than good faith.  However, to grant the motion would effectively strip the Defendant of any expert witness to present evidence at trial and thereby unnecessarily hinder the finder of fact in the discharge of its duty.

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Plaintiff's Motion to Exclude Defendants' Expert Testimony (Docs. 47) be Denied.

DONE this 23rd of April, 2012.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE